UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                    CIVIL NO. 96-2451 (RLA)

JOSE CALDERON, et al.,

    Defendants.

**MINUTES OF STATUS CONFERENCE
HELD ON APRIL 5, 2001**

    At the STATUS CONFERENCE held on April 5, 2001 from 11:15 a.m. to 12:15 p.m. plaintiffs were represented by AUSA JOSE M. PIZARRO ZAYAS and codefendants MR. & MRS. ENRIQUE CALDERON appeared *pro se*. Also present were NOEL ACEVEDO, ESQ. and EDWIN MUÑIZ from the U.S. CORPS OF ENGINEERS ("COE")

    The court heard the parties' arguments as to why the consent decree should not be terminated, particularly in light of the termination and release provisions contained in the document. All parties agree that defendants complied with obtaining the NW-32 permit as well as payment of the fine. They disagree, however, on the scope and need for a permanent injunction. According to plaintiff, the purpose of the permanent injunction is to ensure defendants consult with the COE prior to carrying out any activity which might violate the Clean Water Act provision and for the COE to seek assistance from the court without having to institute a separate



AO 72
(Rev 8/82)

cause of action. Defendants, on the other hand, do not object to a permit consultation process at the administrative level in the future if warranted, but feel they are placed at a disadvantage by having to deal with this issue at the judicial level.

A discussion also ensued regarding the applicability of the consent decree to all properties owned by defendants.

The COE has only examined the portion of the two adjoining properties subject to the NP-32 permit but has not inspected the remainder of defendants' plots to determine what other areas could be considered wetlands.

The issue of the termination of the consent decree was taken under advisement.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of ~~March, 1999~~ April 2001.

RAYMOND L. ACOSTA
United States District Judge