UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    CIVIL NO. 96-2451 (RLA)

JOSE CALDERON, et al.,

    Defendants.

## ORDER IN THE MATTER OF DEFENDANTS' REQUEST FOR TERMINATION OF CONSENT DECREE

Defendants have moved the court to terminate the Consent Decree entered into between them and the UNITED STATES OF AMERICA in these proceedings.[1] The court having reviewed the motions filed by the parties as well as having considered their arguments[2] hereby finds as follows.

**Procedural Background**

The UNITED STATES instituted these proceedings seeking equitable relief as well as payment of penalties based on alleged violations to the Federal Water Pollution Control Act. Specifically, the complaint claims defendants discharged dredge and fill material into wetlands of the United States located in their property.

---

[1] See Partial Consent Decree, filed on December 21, 1999 (docket No. 130).

[2] See Minutes of Status Conference Held on April 5, 2001 (docket No. 137).



AO 72
(Rev 8/82)

CIVIL NO. 96-2451 (RLA)             Page 2

---

After an extended and contentious period defendants obtained a Nationwide Permit No. 32 to legalize the violations charged in the complaint and reached a settlement agreement via a Consent Decree in December 1999. The Decree provided that defendants (1) would pay a civil penalty and (2) agreed to the issuance of a permanent injunction prohibiting them "from discharging any pollutant into waters of the United States, unless such discharge complies with the provisions of the CWA and its implementing regulations." Partial Consent Decree ¶ 11

Thereafter, defendants filed a motion advising that they had legalized the conditions charged in the complaint as well as satisfied the penalty agreed upon and therefore, the Consent Decree should be terminated.

### Consent Decree

Apart from payment of the penalty, the Consent Decree provides for a permanent injunction which compels the defendants to submit for approval by the U.S. CORPS OF ENGINEERS any future dredging and filling of material into wetlands located within their property. This obligation extends to the settling defendants, their agents and successors. Partial Consent Decree ¶6 Further, defendants bound themselves to notify the United States in writing prior to any change of ownership as well as to provide copy of the Consent Decree to their successors in interest. Partial Consent Decree ¶8

In sum, defendants' obligations under the permanent injunction portion of the Consent Decree subsist while they hold title to the property in question. These continuing obligations will cease upon defendants transferring title to the property provided, of course, that prior notice of the transfer is given to the United States and the new owners are apprised of the terms of the Consent Decree.

### Conclusion

Based on the foregoing, while we concede that defendants have complied with certain obligations assumed as part of their agreement, other equitable duties which are of a continuing nature subsist which do not yet allow for the termination of the Consent Decree.

Accordingly, defendants' Motion Requesting Termination of Consent Decree, filed on February 9, 2001 (docket No. **131**) is **DENIED**.[3]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this ___ day of July, 2001.

RAYMOND L. ACOSTA
United States District Judge

---

[3] See United States's Opposition... filed on February 20, 2001 (docket No. **132**) and defendants' Reply... filed on March 8, 2001 (docket No. **133**). See also Minutes of Status Conference Held on April 5, 2001 (docket No. **137**).